ON MOTION
CLEVENGER, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Harold L. Barbin’s appeal for lack of jurisdiction. Barbin opposes.
*954 The Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans’ Appeals denying an increased disability rating for service-connected hia-tal hernia with diverticulitis and colon resection, denying an increased disability rating for service-connected hemorrhoids, and determining a claim for service connection for a disorder of the right lower rib cage was not well grounded. Barbin appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
The Secretary asserts that this court does not have jurisdiction over Barbin’s claims for increased disability rating for hiatal hernia and hemorrhoids because Barbin has raised only factual challenges or challenges to the application of law to the facts of this case. The Secretary states that Barbin appears to have abandoned his claim for service connection for a disorder of the rib cage, and Barbin confirms "in his opposition to the motion to dismiss that this claim has been abandoned. Barbin states that “[t]he worsened conditions for [his] ... diverticular disease were routinely ignored” by the Secretary and were “ignored and/or rejected” by the Veterans Court. He asserts that the Veterans Court “mininterpreted the facts” he presented. Barbin argues that because there were conflicting medical reports relating to his hemorrhoid claim, he should have been given the benefit of the doubt and granted an increased disability rating.
We agree with the Secretary that Bar-bin raises only factual challenges and challenges to the law as applied to the facts of his case. Because he does not challenge the validity or interpretation of any statute or regulation or raise a constitutional issue, this court’s limited jurisdiction does not permit appellate review of the decision of the Court of Appeals for Veterans Claims. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.